1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

| | | |
|---|---|---|
| RAYMOND L. LAWSON, | ) | |
| Petitioner, | ) | No. C 06-2821 CRB (PR) |
| vs. | ) | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| A. P. KANE, Warden, | ) | |
| Respondent. | ) | |

19

20

21

22

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") February 5, 2005 decision to deny him parole.

23

24

25

26

27

28

Per order filed on September 6, 2006, the court found that petitioner's claim that the BPT's decision finding him not suitable for parole does not comport with due process appears colorable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.

**BACKGROUND**

On November 17, 1981, petitioner pled guilty to second degree murder in Los Angeles County superior court and was sentenced to an indeterminate term of 15 years to life in state prison.

Petitioner has been found not suitable for parole each time he has appeared before the BPT.  On February 5, 2005, petitioner appeared before the BPT for a subsequent parole consideration hearing.  The BPT again found him not suitable for parole and denied him a subsequent hearing for three years.

Petitioner challenged the BPT's February 5, 2005 decision in the state superior, appellate and supreme courts.  After the Supreme Court of California denied his petition for review on February 22, 2006, the instant federal petition for a writ of habeas corpus followed.

**DISCUSSION**

A.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at § 2254(d).  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

B.     Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPT's February 5, 2005 decision finding him not suitable for parole, and denying him a subsequent hearing for three years, on the ground that the decision does not comport with due process.  Petitioner claims that the BPT's decision is not supported by some evidence in the record and is improperly based on the unchanging facts of his commitment offense and pre-commitment conduct.   Petitioner also claims that the BPT violated the terms of his plea agreement by considering the commitment offense to be a basis for parole denial.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of

incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. See Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections. Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). It matters not that, as is the case here, a parole release date has never been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole board's decision finding him unsuitable for parole. Sass, 461 F.3d at 1125 (holding that the "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Biggs, 334 F.3d at 915 (same); McQuillion, 306 F.2d at 904 (same). This "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." Hill, 472 U.S. at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56 (quoted in Sass, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. Biggs, 334 F.3d at 915; McQuillion,

4

306 F.3d at 904.  Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board."  Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995).  In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision.  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPT panel afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole.

The panel concluded that petitioner "is not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison."  Feb. 5, 2005 Hr'g Tr. at 34 (Resp't Ex. 2).  The panel explained that it found that the offense was carried out "in an extremely callous manner" and that it demonstrated a "total disregard for . . . human suffering."  Id. at 34-35.  Petitioner and fellow gang members agreed to drive by and fire at a rival gang member's house.  As their truck went past the house, petitioner fired four shots out of the window of the truck and hit and killed an eight year old boy who was playing outside.  The panel found that the "motive for the crime was extremely trivial because this was just gang rivalry and yet an innocent child lost [his] life."  Id. at 35.

The panel also found that petitioner had a "record of unstable [social history and] relationships due to his gang affiliation," and that he had "failed to profit from society's previous attempts to correct his criminality," which included juvenile home probation.  Id.  Petitioner was arrested for assault with a deadly

5

1    weapon after a sixteen year old was shot and hospitalized, and had juvenile

2    petitions sustained for grand theft auto and theft.

3         The panel noted that petitioner had "programmed in self-help in a limited

4    manner while incarcerated." Id. at 36.  He had not obtained his GED despite

5    being advised to do so at his previous hearing and had not participated in any sort

6    of self-help programs in more than five years.

7         The panel noted that petitioner's psychiatric/psychological report was "not

8    totally supportive of release." Id. at 37.  The January 2004 report stated that

9    petitioner posed a low to moderate likelihood of becoming involved in violence if

10   released to the community.  Petitioner also "lack[ed] realistic parole plans." Id. at

11   38.  He did not have any letter clarifying where he would live while on parole, or

12   any job offers or solid prospects.

13        The panel stated that it believed petitioner was "extremely remorseful,"

14   but that he had done very little to help himself "with regard to doing what the

15   Panel has asked you to do." Id. at 38-39.  "In fact, in the '95, '96, '97, '98, 200,

16   and 2002[hearings], you either waived your appearance or you stipulated to

17   unsuitability." Id. at 39.  The panel commended petitioner for

18   staying disciplinary-free for several years and for recent gains (including

19   participation in the culinary literary program and obtaining a vocational

20   certificate in small engine repair), but concluded that "these positive aspects of

21   your behavior . . . do not outweigh the factors of unsuitability." Id. at 40.

22        The California superior, appellate and supreme courts rejected petitioner's

23   claims and upheld the decision of the BPT.  The state courts' rejection of

24   petitioner's federal due process claim was not contrary to, or involved an

25   unreasonable application of, the Hill standard, or was based on an unreasonable

26   determination of the facts.  See 28 U.S.C. § 2254(d).  The BPT's February 5,

27

28                                          6

2005 decision to deny petitioner parole is supported by some evidence in the record and that evidence bears some indicia of reliability.  See, e.g., Rosas, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports); Biggs, 334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); Morales, 16 F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature of offense, and need for further psychiatric treatment).  The inquiry under Hill is simply "whether there is any evidence in the record that could support the conclusion reached by the [BPT]." Hill, 474 U.S. at 455-56 (emphasis added).  There is – petitioner has a pre-commitment record of escalating criminal conduct, unstable social history and relationships with others characterized by gang activity; petitioner has not upgraded educationally and obtained his GED, as requested, or participated in self-help programs in over five years; petitioner's January 2004 psychiatric/psychological report is not totally supportive of release, noting a low to moderate likelihood of becoming involved in violence if released to the community; and petitioner's parole plans are not firm enough, as evidenced by a lack of a job offer or solid prospect.  Cf. Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability).  It is not up to this court to "reweigh the evidence." Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).

Petitioner argues that the BPT's continued reliance on the immutable circumstances of his murder offense and pre-commitment conduct conflicts with the Ninth Circuit's ruling in Biggs.[1]  The argument is without merit because the

---

[1]In Biggs, the Ninth Circuit upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, but cautioned that, over time, denying a prisoner parole strictly because of the nature of his offense and his prior conduct "would raise serious

BPT panel's denial of parole was not based solely on petitioner's commitment offense and conduct prior to incarceration.  Ample other evidence in the record (e.g., insufficient educational and self-help programming; a less-than-favorable psychiatric evaluation and lack of firm parole plans) constitutes some evidence under Hill.  See Hill, 474 U.S. at 455-56 (inquiry under Hill is simply whether there is any evidence in the record that could support the conclusion reached by the BPT).

Petitioner also claims that the BPT violated the terms of his plea agreement by allowing the commitment offense to be a basis for parole denial.  The claim is without merit.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."  Santobello v. New York, 404 U.S. 257, 262 (1971).  A plea agreement containing a specific promise, such as when the defendant will be paroled, is enforceable.  See Brown v. Poole, 337 F.3d 1155, 1161 (9th Cir. 2003) (that state prosecutor had no right to offer deal defendant accepted in exchange for waiving her constitutional rights may be a problem for state, but not defendant).  But it is petitioner who bears the burden of proving any alleged promise made by the prosecution.  See Santobello, 404 U.S. at 261-62.  Petitioner makes no such showing.  Nor is there any indication in the record that petitioner was promised that his crime would not be considered at his parole consideration hearings.  The state courts' rejection of petitioner's breach of plea agreement claim cannot be said to be objective unreasonable.  See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 409.

questions involving his liberty interest in parole . . . and could result in a due process violation."  Biggs, 334 F.3d at 916-17.

8

1

**CONCLUSION**

2        For the reasons set forth above, the petition for a writ of habeas corpus is

3 DENIED.

4        The clerk shall enter judgment in favor of respondent and close the file.

5 SO ORDERED.

6 DATED:  October 31, 2007                   

7                         CHARLES R. BREYER
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\CRB\HC.06\Lawson1.denial.wpd        9